IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

MELISSA REINHARDT FREE                                                                   PLAINTIFF

V.                                                         CIVIL ACTION NO.3:13CV187-MPM-DAS

COMMISSIONER OF SOCIAL SECURITY                                                       DEFENDANTS

ORDER

The parties have consented to have all hearings and proceedings by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. Therefore, the report and recommendation of December 9, 2013 is withdrawn, and this order entered in its stead.

The defendant has moved to dismiss this action asserting the complaint was not filed within the sixty day statute of limitations established by 42 U.S.C. § 405(g). The statute of limitations for seeking judicial review of the Commissioner's decision runs from the date the plaintiff receives notice of the final decision. By regulation, in the absence of a reasonable showing to the contrary, the plaintiff is presumed to have received any decision within five days of the date of mailing. 20 C.F.R. § 422.210 (c). In support of its motion, the defendant has submitted the affidavit of Patrick J. Herbst, Acting Chief of the Court Preparation and Review Branch 4 of the Office of Appellate Operations, in the Office of Adjudication and Review in the Social Security Administration. The affidavit sets out that the Appeals Council decision denying review was mailed to the claimant and her counsel on May 11, 2013, but the complaint was not filed until July 19, 2013. By the Commissioner's calculation, the plaintiff had to file her complaint by July 15, 2013.

In response, plaintiff submitted her counsel's affidavit which stated he did not receive the decision on May 20, 2013. With this date, the plaintiff's complaint was filed on time on the sixtieth day. The plaintiff also submitted counsel's copy of the Appeals Council notice with a "date received" stamp showing May 20, 2013. She also points out that May 11, 2013 was a Saturday.

In reply, the Commissioner points out that the pertinent date is the date on which the individual, not her representative received the notice.

First, the court credits the showing by counsel that he did not receive the notice until May 20, 2013. Because there is no reason to anticipate a difference between when the plaintiff received the decision and when her lawyer did, given their proximity to one another, the court holds that the regulatory presumption has been rebutted and accepts that the notice was received only on May 20, 2013. The complaint, therefore was timely filed.

The plaintiff has, however, supplemented her response and submitted the envelope she received from the Appeals Council. The post mark shown is May 15, 2013. Therefore, there is no question that the plaintiff filed her complaint on time. The motion to dismiss is denied. The defendant shall file its answer to the complaint within twenty days of this order.

SO ORDERED this the 13th day of December, 2013.

/s/ David A. Sanders
UNITED STATES MAGISTRATE JUDGE